UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11501-RGS

JENNIFER ROOT BANNON, as the Special Personal
Representative of the Estate of Justin Root,

v.

BOSTON POLICE OFFICERS DAVID GODIN,
JOSEPH MCMENAMY, LEROY FERNANDES,
COREY THOMAS and BRENDA FIGUEORA;
MASSACHUSETTS STATE TROOPER PAUL CONNEELY;
and THE CITY OF BOSTON, MASSACHUSETTS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

December 8, 2020

STEARNS, D.J.

Jennifer Root Bannon, as the Special Personal Representative of the
Estate of Justin Root, brings this action under 42 U.S.C. § 1983 based on a
February 7, 2020, police encounter that left Justin Root dead.  Defendant
City of Boston (City) moves to dismiss the municipality liability count (Count
VII) asserted against it.  For the following reasons, the court <u>DENIES</u> its
motion.

Plaintiff bases her claim of municipality liability on the City's alleged
failure to adequately train or supervise its police officers.  Deficiencies in the
design and implementation of police training programs may give rise to

municipal liability in those "limited circumstances" where the need for more or different training is so obvious that "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 387, 388 (1989). Because "adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.* at 391. Consequently, a plaintiff must show that a specific deficiency in a training program was the "moving force" that caused the constitutional injury. *Id.* at 389, quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), and *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). Moreover, with rare exception a plaintiff must show that a municipal defendant had fair notice of the need for additional (or improved) police training. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Notice sufficient to demonstrate deliberate indifference on the party of policy makers typically requires a showing of a pattern of constitutional violations. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 408-409 (1997).

The City argues that plaintiff has failed to plead an actionable claim because the Complaint neither identifies with specificity the deficiency in training that led to Justin Root's death nor sets out a pattern of unconstitutional conduct by Boston officers that would have placed the City on notice of a need for further training of its officers. The court agrees that the Complaint, while rich in generalities, is rather thin on detail. However, at this early stage of the litigation, to withstand a Rule 12(b)(6) attack, a Complaint need not be replete with factual allegations; rather a plaintiff's burden is to set out "plausible grounds" for an entitlement to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). While this standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do," *id.* at 555, here the sparsity of the Complaint may be fairly attributed to the infancy of the litigation and the plaintiff's lack of access to the discovery tools that are typically deployed to flesh out the factual underpinnings of a liability claim.

That said, the court does not find the Complaint so devoid of factual detail as to leave the City clueless about the nature of the plaintiff's claims. She identifies thirteen areas, albeit in general terms, in which she alleges that the City allegedly failed to provide adequate training as well as several specific policies which the City allegedly failed to enforce to insure officer

3

compliance with constitutional mandates.[1]  She also alleges that the City "knew or should have known that their police officers . . . might be in a position to consider the use of deadly force on a suspect such as Mr. Root that (a) did not pose any immediate danger to police officers or others, (b) did not have a firearm, (c) was severely injured and covered in blood, and (d) lying on the ground," and thus that the purported inadequate training and supervision "amount[ed] to deliberate indifference to clearly established constitutional rights of others, including Mr. Root, to be free from the use of excessive force and the deprivation of life without due process of law."[2]

---

[1] The City disputes the allegation that it failed to provide training in the listed areas or that it failed to supervise compliance with its policies.  At the risk of repetition, on a motion to dismiss, the court must accept plaintiff's well-pled factual allegations as true and make all reasonable inferences in plaintiff's favor.  It thus must treat plaintiff's allegations of inadequate training and supervision (which are facially plausible given other allegations in the Complaint suggesting that five officers independently committed the constitutional violations and failed to comply with police policies during the encounter) as true at this stage in the proceedings.

[2] As "[t]he Supreme Court has left open the possibility that a failure-to-train claim can succeed without showing a pattern of previous constitutional violations . . . . where a violation of [a] federal right[] is a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations," *see Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 28 (1st Cir. 2005) (internal quotation marks and citations omitted) (alterations in original), the court declines to treat the absence of any allegation of a continuing pattern of constitutional violations as dispositive on the issue of deliberate indifference at this early juncture. *See also City of Canton*, 489 U.S. at 385.  To the extent the City instead means to challenge whether, even assuming a violation is

Compl. ¶¶ 132, 136; *see also id.* ¶ 139 (alleging that the "inadequacy of the City of Boston's policies and procedures, its compliance protocols, its training, and its supervision were so obvious and likely or probable to result in the violation of constitutional rights that the City of Boston's policymakers acted with deliberate indifference to the need to protect civilians").  These allegations suffice, for present purposes, to withstand the motion to dismiss.

## ORDER

For the foregoing reasons, the motion to dismiss is <u>DENIED</u>.


SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE

---

actionable without proof of a pattern, the specific violation alleged here uniquely qualifies as "a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations," this is an issue that the court will assess when it has the benefit of a full factual record.