UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:20-cv-11501-RGS

JENNIFER ROOT BANNON, as Special Personal Representative of the Estate of Juston Root,
    Plaintiff
v.

BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH McMENAMY, LEROY FERNANDES, COREY THOMAS and BRENDA FIGUEORA;

MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and

THE CITY OF BOSTON, MASSACHUSETTS
    Defendants

**DEFENDANT, CITY OF BOSTON'S, ANSWER TO THE PLAINTIFF'S COMPLAINT**

Defendant, City of Boston ("Defendant" or "City") hereby answers Plaintiff's Complaint as follows:

**PRELIMINARY STATEMENT**

1. Paragraph 1 is a preliminary statement to which no response is required. To the extent a response is required, the City admits that Juston Root ("Root") was shot by Boston police officers on February 7, 2020, but denies that Root was unarmed and on the ground at the time. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations in the first sentence. The City admits that Root did not flee in the moments before he was shot in Brookline. The City admits that Root did not point a weapon in the moments before he was shot in Brookline but denies that Root did not brandish a weapon. The City denies that Root did not make any threatening or overt acts towards the Individual Defendants or anyone else. The City denies that Root posed no immediate threat to harm anyone. The City admits that several Boston police officers discharged their firearms at Root, but denies that they did so without warning. The City is without knowledge or

information sufficient to enable it to admit or deny the remaining allegations in the sixth sentence. The City denies the remaining allegations in Paragraph 1.

2. Paragraph 2 is a preliminary statement to which to response is required. To the extent a response is required, the City admits that there is video footage that was recorded immediately after the shooting, but denies the remaining allegations in the first sentence. The City denies the allegations in the second sentence. As to the remaining allegations contained in Paragraph 2, the City states that the video footage speaks for itself.

3. Paragraph 3 is a preliminary statement to which no response is required. To the extent a response is required, the City denies that the conduct of the Boston police officers was wrongful. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

## JURISDICTION AND VENUE

4. Paragraph 4 contains a legal conclusion to which no response is required.

5. Paragraph 5 contains a legal conclusion to which no response is required.

6. Paragraph 6 contains a legal conclusion to which no response is required.

## PARTIES

7. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 7.

8. The City admits the allegations contained in Paragraph 8.

9. The City admits that David Godin is a duly appointed police officer employed by the BPD. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations

10. The City admits that Joseph McMenamy is a duly appointed police officer employed by the BPD. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

11. The City admits that Leroy Fernandes is a duly appointed police officer employed by the BPD. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

12. The City admits that Brenda Figueroa is a duly appointed police officer employed by the BPD. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

13. The City admits that Corey Thomas is a duly appointed police officer employed by the BPD. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

14. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 14.

## FACTS

### A. Background

15. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 15.

16. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 16.

17. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 17.

### B. BPD Officers Shot Mr. Root Near 75 Fenwood Road.

18. The City admits that 65 Fenwood Road is one block from the main entrance to BWH located at 75 Francis Street, Boston. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 18.

19. The City admits that there was a call for a report of a person with a gun near BWH.

20. The City admits that Officer McMenamy did not respond to the call. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 20.

21. The City admits the allegations contained in Paragraph 21.

22. Paragraph 22 references a photograph which speaks for itself. To the extent a response is required, the City denies that Officer Godin drew his firearm while Root was facing away from him. The City admits the remaining allegations contained in Paragraph 22.

23. The City admits that upon Root pointing what Officer Godin believed was a firearm at him, Officer Godin fired at Root, stumbled onto the sidewalk and fell. The City denies that Officer Godin attempted to shoot at Root again. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 23.

24. The City denies the characterization that Officer Godin was "not qualified" to handle the Glock 22 he used on February 7, 2020. The City admits that the firearm Officer Godin used on February 7, 2020 was not his BPD-issued Glock 22 which has the serial number VYN765. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 24.

25. Paragraph 25 references a recorded interview, the contents of which speak for itself. To the extent a response is required, the City admits that Officer Godin made the statements referenced in Paragraph 25.

26. Paragraph 26 references a recorded interview, the content of which speaks for itself. To the extent a response is required, the City admits that Officer St. Peter stated in his interview that he parked his cruiser at the intersection of Fenwood Road and Vining Street and that, after hearing shots fired, he fired at Root. The City admits that Officer St. Peter stated in the interview that he saw Root fall and grimace and that he thought Root was "mortally wounded". The City admits that Officer St. Peter stated in his interview that, at some point in time, he thought Root would succumb to his injuries. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

27. Paragraph 27 of the Complaint refers to video footage, which speaks for itself. To the extent a response is required, the City admits Mr. Root limped back to his Chevrolet Volt, got in it, and drove away. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 27.

28. The City admits the allegations contained in Paragraph 28.

29. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 29.

30. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 30.

31. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 31.

**C.**   **The Individual Defendants Fatally Shot Mr. Root on Route 9 in Chestnut Hill**

32. The City admits the allegations contained in Paragraph 32.

33. The City admits the allegations contained in Paragraph 33.

34. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 34.

35. Paragraph 35 refers to video footage and the Norfolk County District Attorney's report, which speak for themselves. To the extent a response is required, the City admits that a

BPD cruiser operated by Officer McMenamy struck Root's vehicle. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 35.

36. The City states that BPD Rule 301 speaks for itself and refers to same for a complete recitation of its terms.

37. The City admits that after Officer McMenamy struck Root's car, Root put his Chevrolet Volt back in motion and continued driving westbound on Route 9 into Brookline, and that several BPD cruisers followed in pursuit. The City denies that Officer McMenamy's behavior was reckless. The City is without knowledge or information sufficient to enable it admit or deny the remaining allegations contained in Paragraph 37.

38. The City states that BPD Rule 301 speaks for itself and refers to same for a complete recitation of its terms. The City denies that BPD failed to maintain proper supervision over the pursuit. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 38.

39. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 39.

40. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 40.

41. Paragraph 41 refers to photographs, which speak for themselves. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 41.

42. Paragraph 42 refers to photographs, which speak for themselves. To the extent a response is required, the City admits that Root's vehicle came to a stop on Route 9 near the entrance to a shopping center parking lot and that it was severely damaged. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

43. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 43.

44. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 44.

45. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 45.

46. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 46.

47. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 47.

48. Paragraph 48 refers to video footage, which speaks for itself. To the extent a response is required, the City admits that a woman approached Root and that one or more officers ordered her to run away and she did so. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

49. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 49.

50. Paragraph 50 refers to a recorded statement, which speaks for itself. To the extent a response is required, the City admits that, at one point, Office Godin observed Root lying on the ground. The City admits that Officer Godin observed a woman going up to Root, but denies that he knew the woman was an EMT. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

51. The City admits that Officer McMenamy walked toward Root and later "put [his] foot up like [at a] 90-degree angle and kicked [Mr. Root] down to the ground" but denies the remaining allegations contained in the first sentence. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

52. The City admits that officers collectively and simultaneously screamed commands including "get down" and "let me see your hands" while they were in the mulched area. The City denies that the commands were unintelligible. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations.

53. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 53.

54. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 54.

55. Paragraph 55 refers to a recorded statement, which speaks for itself. To the extent a response is required, the City denies that Officer Godin and other officers yelled conflicting and confusing commands, but admits that Officer Godin made the statements identified in Paragraph 55 to law enforcement investigators (though additional parts of his statements to law enforcement officers are omitted from Paragraph 55).

56. The City admits that the officers screamed at Root to "get down" but denies the remaining allegations in the first sentence. The City denies the allegations in the second sentence. The City denies that Root was helpless and incapacitated but is without knowledge as to the remaining allegations contained in the third sentence. The City admits that Root did not point a gun at that point in time but denies that Root did not brandish a gun or any other type of weapon at the officers.

57. The City admits that Boston police officers fired at Root from a few feet away. The City denies that it was done without warning. The City is without knowledge or information sufficient to enable it to admit or deny how many shots were fired or within what time frame. The City denies the remaining allegations contained in Paragraph 57.

58. The City denies the allegations contained in Paragraph 58.

59. The City denies that "It was chaos" and "Tactically, it was a disaster." The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 59.

60. The City admits that Boston police officers fired at Root, but is without knowledge or information sufficient to enable it to admit or deny how many shots were fired or how many shell casings were found at the scene. The City denies the remaining allegations contained in Paragraph 60.

61. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 61.

62. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 62.

63. The City admits the allegations contained in Paragraph 63.

64. The City admits the allegations in Paragraph 64.

65. Paragraph 65 refers to video footage, which speaks for itself. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 65.

66. To the extent Paragraph 66 refers to video footage, that footage speaks for itself. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 66.

67. To the extent Paragraph 67 refers to video footage, that footage speaks for itself. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 67.

68. To the extent Paragraph 68 refers to video footage, that footage speaks for itself. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 68.

69. Paragraph 69 refers to video footage, which speaks for itself. To the extent a response is required, the City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 69.

70. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 70.

71. The City admits that the officers communicated over the radio about the status of the pursuit.  The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 71.

72. The City denies the allegations contained in the first two sentences.  The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 72.

**D.   Mr. Root's Fatal Injuries**

73. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 73.

74. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 74.

75. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 75.

76. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 76.

**E.   Defendant Officers Godin, McMenamy, Thomas, and Fernandes Did Not Have Their Body Cameras Turned On During The Shooting.**

77. The City states that BPD Rule 405 speaks for itself and it refers to same for a full recitation of its terms.  The City admits that all BPD officers, including the five BPD officer-Defendants in this case, are generally assigned BPD-issued body worn cameras.

78. The City admits that Officer Figueroa activated her BWC before the shooting.  The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 78.

79. The City denies that Officer Thomas was wearing a BWC during the incident.  The City admits the remaining allegations contained in Paragraph 79 concerning Officer McMenamy.

80. The City admits the allegations contained in Paragraph 80.

## COUNT 1: 42 U.S.C. §1983
## EXCESSIVE USE OF FORCE IN VIOLATION OF JUSTON ROOT'S FOURTH AMENDMENT RIGHTS
**(Against the Individual Defendants)**

81. The City repeats and incorporates by reference its answers to Paragraphs 1 through 80 above.

82-95. Paragraphs 82 through 95 are directed to parties other than the City and, therefore, no response from the City is required.

## COUNT 2: MASS. G.L. c. 12, §§11H and 11I
## EXCESSIVE USE OF FORCE
**(Against the Individual Defendants)**

96. The City repeats and incorporates by reference its answers to Paragraphs 1 through 95 above.

97-99. Paragraphs 87-99 through 95 are directed to parties other than the City and, therefore, no response from the City is required.

## COUNT 3: 42 U.S.C. §1983
## DEPRIVATION OF DUE PROCESS IN VIOLATION OF JUSTON ROOT'S FOURTHEENTH AMENDMENT RIGHTS
**(Against the Individual Defendants)**

100. The City repeats and incorporates by reference its answers to Paragraphs 1 through 99 above.

101. - 107. Paragraphs 101 through 107 are directed to parties other than the City and, therefore, no response from the City is required.

## COUNT 4: Mass. G.L. c. 12, §§11H and 11I
## DUE PROCESS
**(Against the Individual Defendants)**

108. The City repeats and incorporates by reference its answers to Paragraphs 1 through 107 above.

109. - 111. Paragraphs 101 through 111 are directed to parties other than the City and, therefore, no response from the City is required.

### COUNT 5: 42 U.S.C. §1983
### EXCESSIVE USE OF FORCE IN VIOLATION OF JUSTON ROOT'S FOURTH AMENDMENT RIGHTS
### (Against Officer Joseph McMenamy)

112. The City repeats and incorporates by reference its answers to Paragraphs 1 through 111 above.

113. - 125. Paragraphs 112 through 125 are directed to a party other than the City and, therefore, no response from the City is required.

### COUNT 6: MASS. G.L. c. 12, §§11H and 11I
### EXCESSIVE USE OF FORCE
### (Against Officer Joseph McMenamy)

126. The City repeats and incorporates by reference its answers to Paragraphs 1 through 125 above.

127. - 129. Paragraphs 127 through 129 are directed to a party other than the City and, therefore, no response from the City is required.

### COUNT 7: 42 U.S.C. §1983
### NEGLIGENT TRAINING AND SUPERVISION
### (Against the City of Boston)

130. The City repeats and incorporates by reference its answers to Paragraph 1 through 129 above.

131. The City admits the allegations contained in Paragraph 131.

132. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 132.

133. The City denies the allegations contained in Paragraph 133.

134. To the extent Paragraph 134 alleges that the City failed to train its police officers or implement proper procedures, those allegations are denied. The City is without knowledge or information sufficient to enable it to admit or deny the remaining allegations contained in Paragraph 134.

135. The City denies the allegations contained in Paragraph 135.

136. The City denies the allegations contained in Paragraph 136.

137. The City denies the allegations contained in Paragraph 137.

138. The City is without knowledge or information sufficient to enable it to admit or deny the allegations contained in Paragraph 138.

139. The City denies the allegations contained in Paragraph 139.

140. The City denies the allegations contained in Paragraph 140.

141. The City denies the allegations contained in Paragraph 141.

142. Paragraph 142 calls for a legal conclusion and, therefore, no response from the City is required. To the extent a response is required, the City denies the allegations.

### COUNT 8: ASSAULT AND BATTERY (MASSACHUSETTS COMMON LAW)
### (Against the Individual Defendants)

143. The City repeats and incorporates by reference its answers to Paragraphs 1 through 142 above.

144. - 146. Paragraphs 144 through 146 are directed to parties other than the City and, therefore, no response from the City is required.

### COUNT 9: WRONGFUL DEATH (MASS. G.L. c. 229, §2)
### (Against the Individual Defendants)

147. The City repeats and incorporates by reference its answers to Paragraphs 1 through 146 above.

148. - 152. Paragraphs 148 through 152 are directed to parties other than the City and, therefore, no response from the City is required.

### CONCLUSION

The remaining allegations constitute a conclusion to which no response is required. To the extent a response is required, the City denies the allegations.

### AFFIRMATIVE DEFENSES

Further answering, the City asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

The City, at all times, acted in good faith upon reasonable belief and that its actions were in accordance with the Constitution and laws of the United States and the Commonwealth of Massachusetts.

**Third Affirmative Defense**

Plaintiff's Complaint fails to state a federal civil rights claim against the City under the doctrine announced in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**Fourth Affirmative Defense**

Plaintiff's Complaint fails because the City did not maintain a well-settled municipal practice whose implementation was deliberately indifferent to the constitutional rights of Plaintiff.

**Fifth Affirmative Defense**

Plaintiff's Complaint fails because BPD did not maintain an unconstitutional policy.

**Sixth Affirmative Defense**

Plaintiff's Complaint fails because no decision or action by an official vested with policy-making authority was deliberately indifferent to the constitutional rights of Plaintiff.

**Seventh Affirmative Defense**

The City is immune from suit as it was engaging in discretionary functions.

**Eighth Affirmative Defense**

None of the City's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiff. Nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

### Ninth Affirmative Defense

The City is a municipal corporation and its liability, if any, is limited by statute.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of sovereign immunity.

### Eleventh Affirmative Defense

The Plaintiff's claims are barred by the applicable statutes of limitation.

### Twelfth Affirmative Defense

The City reserves the right to amend its answer and assert such other and further defenses as may become available or apparent during pretrial proceedings in this litigation and to rely on affirmative defenses asserted by other parties to this litigation.

**WHEREFORE**, the City respectfully request that this Honorable Court dismiss the Plaintiff's Complaint, enter judgment in its favor, and grant such other and further relief as this Court deems just and proper.

### JURY DEMAND

**THE CITY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted by:
**DEFENDANT, CITY OF BOSTON**

By its attorneys:

Eugene L. O'Flaherty
Corporation Counsel

*/s/ Nicole M. O'Connor*
Erika P. Reis (BBO#669930)
Senior Assistant Corporation Counsel
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall

Boston, MA 02201  
(617) 635 – 4031 (Reis)  
(617) 635 – 4039 (O'Connor)  
Erika.Reis@boston.gov  
Nicole.OConnor@boston.gov

## **CERTIFICATE OF SERVICE**

  I, Nicole M. O'Connor, hereby certify that I served a true copy of the above document all parties of record via this court's electronic filing system and upon those non-registered participants via first class mail.

Dated: December 29, 2020        */s/ Nicole M. O'Connor*  
                    Nicole M. O'Connor