UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROOT BANNON, as the Special Personal Representative of the Estate of Juston Root,<br><br>    Plaintiff,<br><br>v.<br><br>BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH McMENAMY, LEROY FERNANDES, BRENDA FIGUEROA, and COREY THOMAS;<br><br>MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and<br><br>THE CITY OF BOSTON, MASSACHUSETTS;<br><br>    Defendants. | Civil Action No. 1:20-cv-11501-RGS |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Jennifer Root Bannon and Defendants David Godin, Joseph McMenamy, Leroy Fernandes, Brenda Figueroa, Corey Thomas, Paul Conneely, and the City of Boston, Massachusetts (individually, a "Party," and together, the "Parties") by their undersigned counsel, pursuant to Fed. R. Civ. P. 26(c)(1), submit this Proposed Stipulated Protective Order ("Order").

**I.    SCOPE**

1.    All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials that may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (collectively "Discovery Material") may be designated by a producing party or non-

party as "Confidential" pursuant to the terms of this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

## II.     DESIGNATION AND PROTECTION OF CONFIDENTIAL INFORMATION

2. <u>Confidential Information</u>. "Confidential Information" shall include any Discovery Material that the producing party or non-party reasonably believes contains personal identifying information—such as home addresses, personal telephone numbers, personal email addresses, and dates of birth—or any other personal information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, personnel records, or medical records.

3. <u>Form and Timing of Designation</u>. A Party or non-party may designate Discovery Material that contains Confidential Information as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the Discovery Material in a manner that will not interfere with the legibility of any document and that will permit complete removal of the designation. Discovery Material shall be designated as such prior to or at the time of the production or disclosure. The designation does not mean that the Discovery Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4. <u>Discovery Material That May be Designated CONFIDENTIAL</u>. Any producing Party or non-party may designate Discovery Material as CONFIDENTIAL but only after review of the Discovery Material by an attorney or a party appearing pro se who has in good faith determined that the Discovery Material contains Confidential Information. The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

5.  **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL until 30 days after delivery of the transcript by the court reporter. Within 30 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the deposition.

6.  **Non-Party Document Production.** Any non-party producing materials subject to the CONFIDENTIAL designations in this Action may be included in this Order by endorsing a copy of it and delivering the endorsed copy to the Party that made the request for information. The receiving Party, in turn, shall file the endorsed copy with the Court and serve it on counsel for the other Parties. The Parties to this Action may designate information produced by other Parties or non-parties as CONFIDENTIAL as consistent with the terms and provisions of this Order.

7.  **Protection of Confidential Information.**

    a.  **General Protections.** Discovery Material designated CONFIDENTIAL under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified at Paragraph No. 7(b) below for any purpose whatsoever other than to prepare for and to conduct discovery, hearings, and trial in this action, including any appeal thereof.

b.  <u>Limited Third-Party Disclosures</u>. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any CONFIDENTIAL Discovery Material to any third person or entity, with the exception of court reporters and deposition services companies as described below. Subject to these requirements, the following categories of persons may be allowed to review Discovery Material that has been designated CONFIDENTIAL but only after each such person has signed the certification contained in <u>Attachment A, Agreement to Be Bound by Protective Order</u>:

(i)  <u>Contractors</u>. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents;

(ii) <u>Consultants and Experts</u>. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action; and

(iii) <u>Others by Consent</u>. Other persons only by written consent of the producing party or non-party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in <u>Attachment A, Agreement to Be Bound by Protective Order</u>.

<u>Attachment A, Agreement to Be Bound by Protective Order</u> may be signed electronically.

Notwithstanding the above limitations on disclosures of CONFIDENTIAL Discovery Material to third parties, the Parties may disclose CONFIDENTIAL Material to court reporters and deposition services companies without those individuals being required to execute the certification contained in <u>Attachment A, Agreement to Be Bound by Protective Order</u>.

c.  <u>Control of Discovery Material</u>. Counsel for the producing Party or non-party shall make reasonable efforts to prevent unauthorized disclosure of Discovery Material designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the <u>Attachment A, Agreement to Be Bound by Protective Order</u> signed by persons

4

acknowledging their obligations under this Order for a period of six years from the date of signing.

        d.    <u>Copies</u>. Prior to production to another Party, all copies, electronic images, duplicates, extracts, summaries, or descriptions (collectively as a "Copy" or "Copies") of Discovery Material designated as CONFIDENTIAL under this Order, or any individual portion of such Discovery Material, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the Copy. All such Copies shall thereafter be entitled to the protection of this Order. The term "Copies" shall not include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of CONFIDENTIAL Discovery Material or otherwise disclose the substance of the Confidential Information contained in those documents.

    8.    <u>Filing CONFIDENTIAL Discovery Material With the Court</u>.

        a.    <u>Filing Party's CONFIDENTIAL Discovery Material</u>. If a Party seeks to file, or reference in any filing, a document that the filing Party designated as CONFIDENTIAL under this Order, and the filing Party seeks to maintain the confidentiality of such document, the filing Party must comply with the Local Rules of the District for filing the confidential document under seal.

        b.    <u>Non-Filing Party's CONFIDENTIAL Discovery Material</u>. If a Party seeks to file, or reference in any filing, a document that another Party or non-party designated as CONFIDENTIAL under this Order, the filing Party shall first consult with the non-filing Party or non-party to determine whether it consents to filing the document in whole or in part on the public docket. If the filing Party and the non-filing Party or non-party are unable to reach an agreement, the filing Party shall prepare two versions of the filing, a public version and a

5

confidential version. The public version shall contain a redaction of references to CONFIDENTIAL documents and shall be filed with the Court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the Court provisionally under seal pursuant to the Local Rules of this District indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the CONFIDENTIAL status shall file a motion to seal in accordance with the Local Rules of this District within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the Court without further notice or hearing.

9. <u>No Greater Protection of Specific Documents</u>. No Party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless that Party moves for an order providing such special protection.

### III.     CHALLENGES TO DESIGNATED INFORMATION

10. Any CONFIDENTIAL designation is subject to challenge by any Party or non-party. The following procedure shall apply to any such challenge.

    a. <u>Objection to Confidentiality</u>. Following the receipt of any document designated CONFIDENTIAL or of the refusal to produce a document on the ground of such designation, a Party may serve upon the designating Party or non-party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which an objection has been made shall remain subject to that designation until declared otherwise by waiver, agreement, or order of the Court.

    b. <u>Obligation to Meet and Confer.</u> The objecting Party and the designating Party or non-party shall have 15 days from service of the objection to meet and confer in a good

faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating Party or non-party shall serve on all Parties a notice specifying the documents and the nature of the agreement.

      c. <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any documents designated CONFIDENTIAL, for the purpose of discovery, the designating Party or non-party shall file with the Court within 30 days of the service of the objection a motion to retain the CONFIDENTIAL designation. The movant has the burden to show good cause for the CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL designation of documents to which an objection was made.

11. <u>Court Not Bound By Parties' Designation</u>. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery, filed with the Court, or used during any hearing or at trial.

12. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**IV.**  **USE OF CONFIDENTIAL DOCUMENTS AT HEARINGS OR TRIAL**

13. A Party who intends to present or anticipates that another Party may present at any hearing or at trial CONFIDENTIAL documents or information derived therefrom, and there

is a dispute as to whether such material continues to warrant the designation, shall meet and confer with the other party in an attempt to resolve such dispute.

V. **OBLIGATIONS AT CONCLUSION OF LITIGATION**

14. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the Parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

15. <u>Return or Destruction of CONFIDENTIAL Documents</u>. Within 30 days after dismissal or entry of final judgment not subject to further appeal, the receiving Party shall return to the producing party all documents treated as CONFIDENTIAL under this Order, including Copies as defined herein at Paragraph No. 6(d), unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving Party, that Party elects to destroy the documents and certifies to the producing Party or non-party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents.

## VI.     CLAW-BACK REQUESTS

16.     <u>Inadvertent Failure to Designate</u>. Inadvertent failure to designate any document or material as CONFIDENTIAL will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a Party or non-party inadvertently or unintentionally produces Confidential Information without designating it as such in accordance with the provisions of this Order, that party shall promptly upon discovery, either: (a) demand the return of the Confidential Information or (b) furnish a properly marked substituted copy, along with written notice to all Parties that such document or information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving Party must treat such document or information as CONFIDENTIAL from the date such notice is received, but each receiving Party shall have no liability for any disclosures of such information that were made prior to re-designation. Disclosure of Confidential Information prior to the receipt of such notice, if known, shall be reported to the designating party.

17.     <u>Inadvertent Production of Privileged Information</u>.  Inadvertent production of any Discovery Material produced in response to discovery requests that a Party or non-party later claims should have been withheld on grounds of privilege, including the work product doctrine, will not be deemed to waive any privilege or work product protection. A Party or non-party may request the return of any document that it inadvertently produced by identifying the document and stating the basis for withholding such document. The possessing Parties shall within promptly destroy or return to the requesting party the inadvertently produced privileged document.

9

## VII.     ORDER SUBJECT TO MODIFICATION

18.     This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this District.

## VIII.    EFFECTIVE DATE

19.     This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms.

Dated: March 18, 2021

Respectfully submitted,

| | |
|---|---|
| **Plaintiff Jennifer Root Bannon,** | **Defendants David Godin, Joseph McMenamy, Leroy Fernandes, Brenda Figueroa, Corey Thomas, and the City of Boston, Massachusetts** |
| By her attorneys, | |
| | By their attorneys, |
| /s/ Alison T. Holdway | |
| Mark A. Berthiaume (BBO # 041715) | /s/ Nicole M. O'Connor |
| Gary R. Greenberg (BBO # 209420) | Nicole M. O'Connor (BBO # 675535) |
| Alison T. Holdway (BBO # 690569) | Erika P. Reis (BBO # 669930) |
| GREENBERG TRAURIG, LLP | CITY OF BOSTON LAW DEPARTMENT |
| One International Place, Suite 2000 | City Hall, Room 615 |
| Boston, Massachusetts 02110 | Boston, Massachusetts 02201 |
| Tel.: (617) 310-6000 | Tel.: (617) 635-4039 (O'Connor) |
| BerthiaumeM@gtlaw.com | Tel.: (617) 635-4031 (Reis) |
| GreenbergG@gtlaw.com | Nicole.OConnor@boston.gov |
| HoldwayA@gtlaw.com | Erika.Reis@boston.gov |

**Defendant Paul Conneely,**

By his attorneys,

/s/ Daniel J. Moynihan, Jr.
Daniel J. Moynihan, Jr. (BBO # 546346)
Mark A. Russell (BBO # 568943)
THE LAW OFFICE OF DANIEL J. MOYNIHAN, P.C.
271 Main Street, Suite 302
Stoneham, Massachusetts 02180
Tel.: (781) 438-8800
moynihanlaw@verizon.net
attyrussell.moynihanlaw@gmail.com

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: 3-19-21.

Richard G. Stearns
UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROOT BANNON, as the Special Personal Representative of the Estate of Juston Root,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH McMENAMY, LEROY FERNANDES, BRENDA FIGUEROA, and COREY THOMAS;<br><br>MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and<br><br>THE CITY OF BOSTON, MASSACHUSETTS;<br><br>Defendants. | Civil Action No. 1:20-cv-11501-RGS |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the Stipulated Protective Order ("Order") in the above-captioned case. The undersigned agrees he/she (1) understands the terms of the Stipulated Protective Order, (2) is bound by the Order, (3) will comply with all of its provisions, and (4) is subject to the jurisdiction of the United States District Court for the District of Massachusetts for all purposes arising under the Order, including enforcement of its terms. The undersigned acknowledges that violation of the Order may result in penalties for contempt of court or for other relief.

Date: _____    Print Name: _____

Signature: _____

1