UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER ROOT BANNON, as the Special Personal Representative of the Estate of Juston Root, <br><br> Plaintiff, <br><br> v. <br><br> BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH McMENAMY, LEROY FERNANDES, BRENDA FIGUEROA, and COREY THOMAS; <br><br> MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and <br><br> THE CITY OF BOSTON, MASSACHUSETTS; <br><br> Defendants. | Civil Action No. 1:20-cv-11501-RGS <br><br><br> **HEARING REQUESTED** |

## **PLAINTIFF'S MOTION FOR AN EVIDENTIARY HEARING AND SANCTIONS**

Plaintiff Jennifer Root Bannon ("Plaintiff") hereby moves, pursuant to Fed. R. Civ. P. 26(g)(3) and 37(c)(1) and this Court's inherent powers to protect the administration of justice, for an evidentiary hearing and the imposition of appropriate sanctions against Defendants David Godin ("Defendant Officer Godin") and the City of Boston (the "City") arising from their having provided false statements under oath and concealed critical evidence in connection with the shooting death of Juston Root. Specifically, Defendant Officer Godin and the City have failed to produce body worn camera ("BWC") footage from Defendant Officer Godin's BWC, and have served answers to interrogatories, signed under oath by Defendant Officer Godin, falsely stating that he was not even wearing his BWC to justify the failure to produce footage they knew to exist. Given the concealment of this critical evidence by these defendants, the immediate intervention of

1

this Court is necessary to ensure that all material information in the possession of Defendant Officer Godin and the City is preserved and that their misconduct is fully addressed.

In summary, Plaintiff brought civil rights and related claims against Defendant Officer Godin, four other Boston Police ("BPD") officers, and a Massachusetts state trooper who shot and killed her brother, Juston Root, on February 7, 2020. Plaintiff also brought a claim against the City for negligent supervision and training of its police officers.

On February 7, various BPD officers shot at Mr. Root near Brigham & Women's Hospital, engaged in a vehicle pursuit of Mr. Root down Huntington Avenue to Route 9 in Brookline, and shot and killed Mr. Root in a parking lot in Chestnut Hill. Depending on when the BPD officer became involved, they were required to be wearing and have activated their BWCs before and during the shooting near Brigham & Women's Hospital and/or during a vehicle pursuit of Mr. Root—both of which happened before the fatal shooting in Chestnut Hill.

Defendant Officer Godin has claimed—including in his interrogatory answers, which he signed under the penalties of perjury—that he was not wearing a BWC on February 7. He made this same statement when interviewed by investigators on behalf of the Norfolk County District Attorney's Office on February 12, 2020, five days after the shooting. These statements are false. Footage captured on a fellow BPD officer's BWC unequivocally proves that Defendant Officer Godin was in fact wearing his BWC and, moments after the fatal shooting, removed his BWC from his chest—before he was authorized to do so—and tossed it into his cruiser in an apparent attempt to conceal the fact that he was wearing it. In addition, a police report authored by a BPD sergeant detective leading the BPD's internal investigation of the shooting details that Defendant Officer Godin turned over his BWC to him after the incident and, upon doing so, informed that

sergeant detective that he had not reviewed any of its footage—clearly implying that Defendant Officer Godin believed there was footage of the shooting on his BWC.

Under BPD rules governing BWCs, the City of Boston was required to collect Defendant Officer Godin's BWC, upload its footage, and preserve footage from February 7. If an officer—like Defendant Officer Godin—claims to have not activated his BWC when he should have, the officer is supposed to complete specific paperwork documenting that fact. The City has failed to produce the video footage on February 7 from Officer Godin's BWC and any requested documents related to Defendant Officer Godin's BWC and has failed to answer any interrogatory related to Defendant Officer Godin's BWC.

The significance of Defendant Officer Godin's blatantly false testimony and the concealment of the critical video footage from his BWC by him and the City can be neither overstated nor ignored. Accordingly, pursuant to Rules 26(g)(3) and 37(c)(1) and the Court's inherent powers to protect the administration of justice, Plaintiff moves for an evidentiary hearing to determine appropriate sanctions to be imposed upon Defendant Officer Godin and the City for their misconduct. As described in greater detail in the memorandum of law filed herewith, Plaintiff requests that at this hearing the Court evaluate the following:

- Why, in view of the indisputable video evidence that Defendant Officer Godin was wearing his BWC at the time of the fatal shooting, did he falsely state under oath in his interrogatory answers that he was not wearing his BWC during the shooting of Mr. Root?

- Why, immediately following the shooting in which he and five other law enforcement officers fired 31 shots into Mr. Root, did Defendant Officer Godin remove his BWC from the bracket on his chest and throw it into his cruiser?

- Why, on the day of the incident when he turned his BWC over to the investigating BPD sergeant detective, did Defendant Officer Godin tell the sergeant detective that he had not reviewed the footage of the incident, and then subsequently denied to investigators and under oath in his interrogatory answers that he was even wearing his BWC?

- Why has the City not produced the February 7, 2020 video footage from Defendant Officer Godin's BWC?

- Why has the City failed to produce Defendant Officer Godin's BWC and a detailed audit of what transpired with respect to Officer Godin's BWC after it was collected on February 7, 2020?

- Why has the City refused to answer interrogatories seeking February 7, 2020 video footage and audit information relating to Officer Godin's BWC and the BWCs of all other BPD officers who were involved in or responded to the fatal shooting of Mr. Root on February 7, 2020, including whether those officers activated their BWCs, how those officers' BWCs were collected following the shooting, the BPD's review of all footage thereon, and steps taken to ensure that footage was not altered or deleted?

- The propriety of sanctions against Defendant Officer Godin and the City in the form of a default judgment, or, in the alternative, an adverse inference instruction to the jury that Defendant Officer Godin wore and activated his BWC on February 7, 2020, that Officer Godin's BWC recorded both shootings, that the footage would show that Defendant Officer Godin's use of deadly force in Chestnut Hill was unreasonable; and an award of Plaintiff's expenses, including attorneys' fees, in filing this motion and conducting an evidentiary hearing.

In support of this motion, Plaintiff relies on the memorandum of law and exhibits submitted herewith.

WHEREFORE, Plaintiff respectfully requests an evidentiary hearing and the imposition of sanctions against Defendant Officer Godin and the City. Plaintiff further requests a hearing on the relief sought in this motion.

Dated: May 4, 2021

Respectfully submitted,

PLAINTIFF JENNIFER ROOT BANNON,

By her attorneys,

*/s/ Mark A. Berthiaume*
Mark A. Berthiaume (BBO # 041715)
Gary R. Greenberg (BBO # 209420)
Alison T. Holdway (BBO # 690569)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Tel.: 617-310-6000
Fax: 617-310-6001
berthiaumem@gtlaw.com
greenbergg@gtlaw.com
holdwaya@gtlaw.com

## L.R. 7.1(a)(2) CERTIFICATION

    I hereby certify that on May 4, 2021, counsel for Plaintiff conferred by phone with counsel for Defendants David Godin and the City of Boston, Massachusetts in a good faith attempt to resolve or narrow the issues in this motion. The parties were unable to reach a resolution.

*/s/ Mark A. Berthiaume*
Mark A. Berthiaume