UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JENNIFER ROOT BANNON, as the Special Personal Representative of the Estate of Juston Root,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON POLICE OFFICERS DAVID GODIN, JOSEPH McMENAMY, LEROY FERNANDES, BRENDA FIGUEROA, and COREY THOMAS;<br><br>MASSACHUSETTS STATE TROOPER PAUL CONNEELY; and<br><br>THE CITY OF BOSTON, MASSACHUSETTS;<br><br>    Defendants. | Civil Action No. 1:20-cv-11501-RGS<br><br>**HEARING REQUESTED** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL THE CITY DEFENDANTS TO ANSWER INTERROGATORIES

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Jennifer Root Bannon ("Plaintiff") hereby moves to compel Defendants David Godin, Joseph McMenamy, Leroy Fernandes, Brenda Figueroa, Corey Thomas, and the City of Boston[2] to answer interrogatories. The City has not answered a single interrogatory, and many of the BPD Officer Defendants' answers are deficient. Accordingly, Plaintiff requests that the Court enter an order compelling the City Defendants to expeditiously and fully supplement their interrogatory answers as described below.

---

[2] Each police officer defendant is referred to as "Defendant Officer [Last Name]"; they are collectively referred to as the "BPD Officer Defendants." The City of Boston is referred to as the "City." The BPD Officer Defendants and the City are collectively referred to as the "City Defendants."

## FACTUAL BACKGROUND

This is a civil rights case concerning the killing of Juston Root by the BPD Officer Defendants and Defendant State Trooper Paul Conneely (collectively, the "Individual Defendants"). On February 7, 2020, the Individual Defendants shot Mr. Root more than 31 times even though he was already severely injured, bleeding, non-verbal, and was not fleeing, resisting, or posing any threat to the Individual Defendants or anyone else.

Plaintiff served interrogatories and document requests ("RFP") on the City Defendants on January 27, 2021. Plaintiff's interrogatories to the City Defendants and their answers are attached as **Exhibits 1-6** (the City's are **Exhibit 1**, Defendant Officer Godin's are **Exhibit 2**, Defendant Officer Fernandes' are **Exhibit 3**, Defendant Officer Figueroa's are **Exhibit 4**, Defendant Officer McMenamy's are **Exhibit 5**, and Defendant Officer Thomas' are **Exhibit 6**).

The City Defendants' discovery responses were due by February 26, 2021. The day before that deadline, City Defendants requested a 30-day extension. *See* **Exhibit 7** (June 2, 2021 Deficiency Letter) at 1. Plaintiff agreed to the extension but requested that the City Defendants "begin producing documents as soon as they are available." *Id*. The City Defendants served discovery responses by the agreed-upon deadline (March 26, 2021), and the City made one production (on behalf of the City Defendants) on that date. *See id*.; *see also* **Exhibit 8** (March 26, 2021 cover letter enclosing City Defendants' discovery responses). The responses included numerous representations that they would be supplemented. In particular, the City **did not answer any interrogatory** and instead responded to every interrogatory by stating that it would "supplement this answer." *See* **Exhibit 1** at Answers to Interrogatories 1-17.

By June 2, 2021—more than two months after the deadline for the City Defendants to respond to Plaintiff's discovery requests—the City Defendants still had not supplemented or amended any discovery response and had not made any additional production. Accordingly, on

June 2, Plaintiff sent the City Defendants a deficiency letter describing the problems with their discovery responses.  *See* **Exhibit 7** (June 2, 2021 deficiency letter).  Counsel for the parties subsequently had two phone calls discussing these issues, and counsel for the City Defendants committed to amending their discovery responses.

Between then and September 3, 2021, the City Defendants made three productions, which together contain a total of 187 documents, and the City served supplemental RFP responses, which contained multiple deficiencies.  Despite the additional productions, key documents still were not produced.  Worse, none of the City Defendants has supplemented any interrogatory answer.  Because of the ongoing deficiencies in the City Defendants' discovery responses, depositions of fact witnesses have not yet begun.

As described below in the section of this memorandum discussing the parties' L.R. 37.1 conference, on September 2, 2021, Plaintiff's counsel emailed counsel for the City Defendants a draft version of this memorandum that addressed ongoing deficiencies in the City Defendants' interrogatory answers, RFP responses, and document productions.  Then, on Saturday, September 4, 2021, the City Defendants produced more than 6,000 documents totaling nearly 30 gigabytes of data.  Plaintiff's counsel is still processing that data and has not yet comprehensively reviewed it to determine whether there are deficiencies in the production.

Counsel for the parties had a meet and confer call on September 7, 2021 to discuss the issues raised in the draft memorandum that Plaintiff's counsel circulated the week before.  The City Defendants' counsel indicated that they believed that all responsive documents had now been produced, and they intended to serve supplemental RFP responses by the week's end.  Counsel further explained that they have a trial scheduled to start on September 21, 2021, and it is unlikely that the City Defendants will amend their interrogatory answers before the resolution of that trial.

## L.R. 37.1 CONFERENCE

On Thursday, September 2, 2021, Plaintiff's counsel emailed the City Defendants' counsel a draft version of this memorandum of law and requested a conference to discuss the issues raised in it.  The draft memorandum raised issues with the City Defendants' interrogatory answers, RFP responses, and document productions.

The conference was held by phone on Tuesday, September 7, 2021 at 3:30 p.m.; it lasted approximately eight minutes.  The following were present:  Nicole O'Connor (Senior Assistant Corporation Counsel at the City of Boston Law Department and counsel for the City Defendants), Erika Reis (Senior Assistant Corporation Counsel at the City of Boston Law Department and counsel for the City Defendants), Bridget Davidson (Paralegal at the City of Boston Law Department working on behalf of the City Defendants), Mark Berthiaume (Shareholder at Greenberg Traurig, LLP and counsel for Plaintiff), and Alison Holdway (Associate at Greenberg Traurig, LLP and counsel for Plaintiff).

During the conference, the City Defendant's counsel represented that

(1)    by the end of the week (September 10, 2021), the City Defendants would serve supplemental RFP responses specifically identifying (a) the Bates numbers of documents responsive to each RFP and (b) the RFPs to which the City Defendants object and in response to which they will not produce documents;

(2)    the City Defendants believe they have produced all responsive materials in their possession, custody, and control; and

(3)    the City Defendants are working on supplementing their interrogatory answers, but counsel doubted that they would be able to serve those supplemental answers until sometime after the resolution of an upcoming trial in federal court that is scheduled to start on September 21, 2021.

Plaintiff's counsel indicated that they planned to file this motion with respect to the City Defendants' interrogatory answers and defense counsels' representation that supplemental answers likely will not be forthcoming until sometime after September 21.

Based on the representations that the City Defendant believe they have produced all responsive documents and will serve supplemental RFP responses by the end of this week, Plaintiff's counsel streamlined this motion to address only the deficiencies in the City Defendants' interrogatory answers.  These deficiencies are discussed in detail in this memorandum and remain to be decided by the Court.  Plaintiff reserves the right to file an additional motion to compel if the City Defendants' forthcoming supplemental RFP responses or the new production are inadequate.

## ARGUMENT

### 1.    The City Has Not Answered A Single Interrogatory.

Under Rule 33, a party responding to interrogatories "must serve its answers and any objections within 30 days of being served with the interrogatories."  Fed. R. Civ. P. 33(b)(2).  To the extent an interrogatory is not objected to, it must "be answered separately and **fully** in writing under oath."[3]  *Id*. at 33(b)(3) (emphasis added).  Under this Court's Local Rules, "[n]o part of an interrogatory shall be left unanswered merely because an objection is interposed to another part of the interrogatory."  L.R. 33.1(c)(2).  Moreover, a party must supplement its interrogatory answers "in a timely manner."  Fed. R. Civ. P. 26(e)(1)(A).  The Court may compel a party that has failed to answer an interrogatory to answer it.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii).  "[A]n evasive or incomplete . . . answer . . . must be treated as a failure to . . . answer . . . "  *Id*. at 37(a)(4).

Rather than abide by Rule 33's requirements, the City responded to all 17 of Plaintiff's interrogatories by claiming it would supplement its answer.  *See* **Exhibit 1**.  Beyond this general issue that applies to all of the City's interrogatory answers, there are specific problems with its answers to Interrogatory Nos. 10-17:

---

[3] The City's Interrogatory Answers were not made under oath and were not verified.  *See* **Exhibit 1**. Plaintiff surmises that this is because, as described below, the City did not provide a substantive answer to any interrogatory.

- **Interrogatory Nos. 10, 11, 12, 13, and 14**:   In its objections to these interrogatories, the City asserted that the BPD's investigation regarding the events of February 7, 2020 is ongoing.  But, according to the City's opposition to a motion for an evidentiary hearing and sanctions that Plaintiff filed earlier this spring, the BPD's internal investigation was completed on March 30, 2021.  *See* Dkt. No. 49 at 4.  March 30 was over five months ago, but the City still has not supplemented any interrogatory answer.  As Plaintiff explained in the June 2 deficiency letter (**Exhibit 7**), because the BPD's internal investigation is complete, these objections are now moot, and the City should be required to fully respond to Interrogatory Nos. 10, 11, 12, 13, and 14.

- **Interrogatory Nos. 15, 16, and 17**:  The City did not assert any objections to these interrogatories but still has not answered any of them.  These interrogatories ask for simple lists of information and individuals' names.  The City has no grounds for having failed to provide even partial answers to these interrogatories.

None of the City's responses includes any substantive information.  Each of the City's purported interrogatory answers is an evasive non-answer.  Moreover, the City's promise to supplement each interrogatory answer has proven to be an empty one:  despite the City's initial failure to answer any interrogatory and Plaintiff having pointed out this failure in the June 2 deficiency letter, the City still—months later—has not supplemented any interrogatory answer.  In other words, the City has not answered **a single interrogatory**.

The City has known about the facts concerning the allegations this case since Mr. Root was shot and killed on February 7, 2020, and the City is uniquely situated in that it possesses and controls more discoverable information and documents concerning the fatal shooting of Mr. Root than any other party to the case.  It has been sitting on Plaintiff's interrogatories for seven months and has shown no sign that it intends to answer them.  This is an unjustifiable abuse of the discovery process that hamstrings Plaintiff's access to key evidence and ability to depose fact witnesses, including, especially, the BPD Officer Defendants.  As a result, the City should be compelled to expeditiously and fully answer all of Plaintiff's interrogatories.

**2.     The BPD Officer Defendants' Answers to Interrogatory No. 1 Are Deficient.**

Each BPD Officer Defendant's answer to Interrogatory No. 1 is deficient.  For reference, Defendant Officer Godin's interrogatory answers are attached as **Exhibit 2**, Fernandes' are attached as **Exhibit 3**, Figueroa's are attached as **Exhibit 4**, McMenamy's are attached as **Exhibit 5**, and Thomas' are attached as **Exhibit 6**.

Interrogatory No. 1 asks each BPD Officer Defendant to "[d]escribe in detail" his/her police training and to "identify the date of the training, training course identifying information, the name of any instructor, and any training course materials."  Rather than providing a detailed description or any of that specific information, each BPD Officer Defendant provided general descriptions of the courses, claimed he/she did not recall some or all instructors' names, and generally referred to Academy records.[4]  None of these answers specifically identified or cited any Academy or other record produced in this case.

Plaintiff has reviewed the City Defendants' production and, with respect to the BPD Officer Defendants' training, has located only the following:

- For Defendant Officer Godin:

    o   one page, which is part of a larger document related to the BPD Officer Defendants' training curricula, listing courses that Defendant Officer Godin

---

[4] Defendant Officer Godin's answer refers to his "Academy records for a complete list of all the classes [he] took and when."  *See* **Exhibit 2**.

Defendant Officer Fernandes' answer "defer[s] to the Academy's records for a list of all the courses of [he has] taken."  *See* **Exhibit 3**.

Defendant Officer Figueroa's answer "refer[s] to [her] Academy records for a list of all the courses [she] took."  *See* **Exhibit 4**.

Defendant Officer McMenamy's answer "defer[s] to [his] Academy records for a complete list of all the courses [he] took."  *See* **Exhibit 5**.

Defendant Officer Thomas' answer "defer[s] to the Academy's training records as to what classes [he] took and when."  *See* **Exhibit 6**.

took, the hours for each course, and the total number of hours (Bates stamped COB 42);

- o a one-page document listing courses that Defendant Officer Godin took, the course codes, the course type (e.g., classroom or online), the "status date," and the course status (e.g., passed) (Bates stamped COB 57); and

- o a document that appears to be Defendant Officer Godin's course calendar in 2007 (Bates stamped COB 2577-80).

- For Defendant Officer Fernandes:

  - o three pages, which are part of a larger document related to the BPD Officer Defendants' training curricula, listing courses that Defendant Officer Fernandes took, the hours for each course, and the total number of hours (Bates stamped COB 52-54);

  - o a one-page document listing courses that Defendant Officer Fernandes took, the course codes, the course type (e.g., classroom or online), the "status date," and the course status (e.g., passed) (Bates stamped COB 55);

  - o a one-page certificate of completion for a Conflict of Interest Law online training program (Bates stamped COB 541); and

  - o a document that appears to be Defendant Officer Fernandes' and Defendant Officer Figueroa's course calendar in 2017 and 2018 (Bates stamped COB 2517-2547).

- For Defendant Officer Figueroa:

  - o three pages, which are part of a larger document related to the BPD Officer Defendants' training curricula, listing courses that Defendant Officer Figueroa took, the hours for each course, and the total number of hours (Bates stamped COB 49-51);

  - o a one-page document listing courses that Defendant Officer Figueroa took, the course codes, the course type (e.g., classroom or online), the "status date," and the course status (e.g., passed) (Bates stamped COB 56); and

  - o a document that appears to be Defendant Officer Fernandes' and Defendant Officer Figueroa's course calendar in 2017 and 2018 (Bates stamped COB 2517-2547).

- For Defendant Officer McMenamy:

  - o three pages, which are part of a larger document related to the BPD Officer Defendants' training curricula, listing courses that Defendant Officer

McMenamy took, the hours for each course, and the total number of hours (Bates stamped COB 43-45); and

o   a one-page document listing courses that Defendant Officer McMenamy took, the course codes, the course type (e.g., classroom or online), the "status date," and the course status (e.g., passed) (Bates stamped COB 58).

- For Defendant Officer Thomas:

o   three pages, which are part of a larger document related to the BPD Officer Defendants' training curricula, listing courses that Defendant Officer Thomas took, the hours for each course, and the total number of hours (Bates stamped COB 46-48); and

o   a one-page document listing courses that Defendant Officer Thomas took, the course codes, the course type (e.g., classroom or online), the "status date," and the course status (e.g., passed) (Bates stamped COB 59).

While Fed. R. Civ. P. 33(d) allows an answering party to refer to business records, the BPD Officer Defendants have not provided "sufficient detail to enable the interrogating party to locate them and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1); *see also Petrosyan v. Maserati N. Am., Inc.*, No. 19-12425-DJC, 2020 WL 8458124, at *2 (D. Mass. Nov 18, 2020) (compelling party to properly answer interrogatories where it failed to comply with requirements of Rule 33(d)).  Because only the BPD Officer Defendants know what training they took and when, and they and/or the City are in possession of the training materials, they in a better position that Plaintiff to ascertain the answers to Interrogatory No. 1.  If the BPD Officer Defendants seek to rely on Rule 33(d), they must follow its requirements and provide sufficient information for Plaintiff to identify the business records containing information that answers this interrogatory.  The BPD Officer Defendants have failed to comply with Rule 33(d), and Plaintiff should not have to search for a needle in a haystack to find any training materials among the City Defendants' document productions.  Instead, the burden of specifically identifying those needles is on the BPD Officer Defendants, and they should be required to supplement their answers to Interrogatory No. 1.

3.     **The BPD Officer Defendants' Answers to Interrogatory Nos. 11, 12, 13, and 14 Are Deficient.**

Interrogatory No. 14 to Defendant Officer Godin (**Exhibit 2**), Interrogatory No. 11 to Defendant Officers Fernandes and Figueroa (**Exhibits 3 and 4**, respectively), Interrogatory No. 13 to Defendant Officer McMenamy (**Exhibit 5**), and Interrogatory No. 12 to Defendant Officer Thomas (**Exhibit 6**) are identical.  Those interrogatories ask each BPD Officer Defendant to "[i]dentify all Persons" he/she believes has information concerning the events of February 7, 2020.

The BPD Officer Defendants' answers all refer generally to "paperwork" belonging to police departments or district attorneys' offices that contain the answers to these interrogatories. The answers do not identify or cite any "paperwork" that has been produced in this case.  Simply put, the answers do not give any information about the paperwork to which they are referring or where Plaintiff can find that "paperwork."  Accordingly, here too, the BPD Officer Defendants have not complied with the requirements of Rule 33(d).  They should be compelled to supplement their answers to specifically identify and describe the "paperwork" to which they refer.  Moreover, the BPD Officer Defendants (or the City, which is likely in possession of the "paperwork" referenced in these interrogatories) should be compelled to produce that "paperwork."

4.     **Defendant Officer Godin's Answers to Interrogatory No. 9 Is Deficient.**

Interrogatory No. 9 asks Defendant Officer Godin to "[d]escribe in detail any investigation" into his conduct as a police officer.  In his answer, Defendant Officer Godin refers to documents ("I would refer to the Internal Affairs Department's documents to describe the full extent of that investigation.") without specifically identifying those documents or where Plaintiff can find them.  *See* **Exhibit 2**.

Accordingly, as with Defendant Officer Godin's answer to Interrogatory No. 1, his answer here fails to comply with the requirements of Rule 33(d), and he should be compelled to

supplement his answer to specifically identify and describe "Internal Affairs Department's documents" to which he refers.  Moreover, Defendant Officer Godin (or the City, which is likely in possession of the "Internal Affairs Department's documents" referenced in Defendant Officer Godin's answer to Interrogatory No. 9) should be compelled to produce those documents.

**5.      Defendant Officer Thomas' Answers to Interrogatory No. 8 Is Deficient.**

Interrogatory No. 8 asks Defendant Officer Thomas to "[d]escribe in detail any investigation into [his] conduct during [his] career as a police officer."  In response, Defendant Officer Thomas raised several objections but then provided an answer that was prefaced by the caveat, "Notwithstanding and without waiving these objections, and without withholding information, Thomas states as follows . . . ."  His answer then generally identified two Internal Affairs investigations into a May 2020 citizen complaint and a September 2020 "internal incident." *See* **Exhibit 6**.  Defendant Officer Thomas provided no details about either incident, including, for example, whether either involved the use of force or his participation in a vehicle pursuit.

The lack of details in Defendant Officer Thomas' answer to Interrogatory No. 8 renders his answer deficient.  It is hard to believe that he remembers nothing about these Internal Affairs investigations other than that a citizen complaint was received in May 2020 and there was an "internal incident' in September 2020.  As a result—contrary to the assertion that information was not withheld—it appears that Defendant Officer Thomas did withhold information in response to this interrogatory.  Because he agreed to answer this interrogatory notwithstanding his objections and offered to not withhold information, Defendant Officer Thomas should be required to fully answer Interrogatory No. 8, including whether either investigation has since been closed.

<u>**REQUEST FOR ATTORNEYS' FEES AND EXPENSES**</u>

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if the Court grants this motion, Plaintiff asks that it award her reasonable expenses, including attorneys' fees, incurred in making this motion.

## **CONCLUSION**

Because the City Defendants have failed to properly answer interrogatories, Plaintiff respectfully requests that the Court compel them to expeditiously and fully supplement their interrogatory answers.


Dated:  September 9, 2021                    Respectfully submitted,

                                              PLAINTIFF JENNIFER ROOT BANNON,

                                              By her attorneys,

                                              */s/ Mark A. Berthiaume*
                                              Mark A. Berthiaume (BBO # 041715)
                                              Gary R. Greenberg (BBO # 209420)
                                              Alison T. Holdway (BBO # 690569)
                                              Greenberg Traurig, LLP
                                              One International Place, Suite 2000
                                              Boston, MA 02110
                                              Tel.: 617-310-6000
                                              Fax:  617-310-6001
                                              berthiaumem@gtlaw.com
                                              greenbergg@gtlaw.com
                                              holdwaya@gtlaw.com