UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
No. 1:20-cv-11501-RGS

JENNIFER ROOT BANNON, as Special
Personal Representative of the Estate of
Juston Root,
        Plaintiff
v.

BOSTON POLICE OFFICERS DAVID
GODIN, JOSEPH McMENAMY, LEROY
FERNANDES, COREY THOMAS and
BRENDA FIGUEORA;

MASSACHUSETTS STATE TROOPER
PAUL CONNEELY; and

THE CITY OF BOSTON,
MASSACHUSETTS
        Defendants

**DEFENDANT CITY OF BOSTON'S MOTION FOR PROTECTIVE ORDER**

Defendant, City of Boston ("City"), hereby moves this Court for a protective order to 1) prevent acting Police Commissioner Gregory Long from being deposed; and 2) prevent the City from being deposed any further. In support of this Motion, the City submits the following:

I.     **BRIEF FACTUAL BACKGROUND**

This case concerns the fatal shooting of Juston Root on February 7, 2020, by a number of police officers following an incident that transpired outside the Brigham & Women's Hospital in Boston and culminated in a motor vehicle pursuit into Chestnut Hill. As captured on surveillance video, Mr. Root pointed what appeared to be a gun at a Boston police officer outside the hospital

then fled in his vehicle down Route 9. Mr. Root accelerated down Route 9 before eventually striking multiple vehicles at a high rate of speed and crashing near the intersection of Route 9 and Hammond Street. At that point, Mr. Root exited his vehicle and proceeded towards a nearby mulched area on foot. When officers arrived on scene shortly thereafter, they issued verbal commands to Mr. Root to show his hands and get on the ground. When Mr. Root instead reached inside his jacket and started to remove what appeared to be a gun, multiple officers on scene discharged their firearms.

Acting Commissioner Gregory Long had no personal involvement with this incident and was not on scene at the time of the firearm discharges.

II.     **PLAINTIFF'S CLAIMS AND CURRENT STATUS OF DEPOSITIONS**

Plaintiff, the personal representative of Mr. Root's estate, brought suit against the five Boston police officers and one Massachusetts State Trooper who discharged their firearms, as well as the City. Against the individual officers, Plaintiff brought claims of excessive force, due process, and assault and battery under both federal and Massachusetts state law. Against the City, Plaintiff brought a "negligent training and supervision" claim under 42 U.S.C. §1983 premised upon the City's purported failure to "provide adequate training to its officers regarding procedures and methods to avoid the infliction of deadly force upon a seized person". See Plaintiff's Complaint, attached hereto as Exhibit 1, ¶ 133. Specifically, Plaintiff alleged that the City does not have adequate training regarding "reasonable procedures to be followed when approaching a suspect they believe to be armed," "reasonable procedures for de-escalation prior to the use of lethal force", and "reasonable procedures to be followed by an officer in preparing to fire his or her weapon", among other things. Id.

To date, Plaintiff has deposed the five individual Boston police officer defendants, the Massachusetts State Trooper defendant, two police officers from the Brookline Police Department, and a civilian witness. Additionally, the Plaintiff sought to depose the City and issued a 30(b)(6) deposition notice to the City that consisted of, at first glance, 16 topics. However, as topics 1, 2, and 3 each consisted of 8 subparts, the 30(b)(6) notice is more accurately described as containing 37 topics. See Plaintiff's 30(b)(6) Deposition Notice to City of Boston, attached hereto as Exhibit 2. Moreover, many of the topics are extremely broad, making it difficult if not impossible for the City to have one witness testify regarding multiple areas of inquiry. For example, topic 1 seeks someone to testify regarding "the development, creation, drafting, approval, ratification, amendment, replacement and implementation of BPD policies, procedures, and training materials, from the earliest date that any of the BPD Officer Defendants attended the police Academy through the present, concerning police use of force, including but not limited to, the use of deadly force", whereas topic 8 seeks someone to testify regarding "complaints made to or about the BPD involving the use or performance of PIT Maneuvers by BPD officers from January 1, 2010 to present."

When it received the 30(b)(6) deposition notice from the Plaintiff, the City relayed its concerns regarding the volume of topics, as well as the broad range of topics, to the Plaintiff. The City expressed that it would need to move for a protective order in the event the scope of the deposition was not narrowed. To date, the City has designated, and the Plaintiff has deposed, four witnesses from the City regarding topics 1(a), 1(b), 1(c), 1(d), 1(e), 1(f), 1(g), 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), 2(g), 3(a), 3(b), 3(c), 3(d), 3(e), 3(f), 3(g), 5, and 12.

To date, the deposition of the City has already lasted 10 hours. Prior to the most recent deposition of a 30(b)(6) designee which took place on March 8, 2022, the City informed Plaintiff

of its intention to move forward with a protective order regarding the scope of the 30(b)(6) deposition. Though Plaintiff had already deposed the City for more than 7 hours by this point in time, the City agreed to produce one more witness in the spirit of compromise. That witness was deposed for approximately 3 hours. Though Plaintiff has already exhausted the 7-hour time limit imposed by Fed. R. Civ. P. 30(d)(1), Plaintiff has indicated that she intends to move forward with her deposition of the City regarding nine (9) additional topics. Given the broad topic areas, the City anticipates that this would require it to designate an additional four witnesses.

   III.   **ARGUMENT**

   1. <u>The Deposition Of Acting Police Commissioner Long Should Be Precluded Because Plaintiff Has Already Conducted 10 Depositions, Acting Commissioner Long Does Not Have Any Relevant Information And, As The Highest Ranking Member Of The Boston Police Department, Should Not Have To Sit For A Deposition Under These Circumstances.</u>

As an initial matter, Plaintiff has already conducted ten depositions in this case—the maximum that is allowed under Fed. R. Civ. P. 30. Though Plaintiff has been aware of the nature and extent of her claims since the inception of this lawsuit, to date, Plaintiff has not sought leave to conduct more than ten depositions. The fact discovery deadline expires today, March 11, 2022. Since Plaintiff does not have leave of court to conduct additional depositions, the deposition of acting Police Commissioner Long should be precluded for this reason alone.

But the deposition should also be precluded because acting Police Commissioner Long does not have any relevant information. When it received word that the Plaintiff wanted to depose him, the City asked Plaintiff's counsel why the deposition was necessary. Assuming that Plaintiff intended to depose acting Police Commissioner Long regarding the City's policies or procedures as they relate to her §1983 municipal liability claim, undersigned counsel offered to produce a less-high ranking Boston police department official who could bind the City on its policies or

procedures. However, Plaintiff indicated that she did not intend to depose acting Police Commissioner Long regarding the City's policies or procedures. Rather, Plaintiff intended to depose acting Police Commissioner Long regarding statements that he made to the media following the incident, as well as inquire about discipline that has or has not been imposed in connection with this case. These areas of inquiry are not relevant.

Fed. R. Evid. 401 states that evidence is relevant if 1) it has any tendency to make a fact more or less probable than it would be without the evidence; and 2) the fact is of consequence in determining the action. Here, the statements that acting Police Commissioner Long made to the media in the days or weeks following the incident, as well as the City's reasons for imposing discipline (or not), have no tendency to make it more or less probable that the officers in this case used excessive force on February 7, 2020. In terms of individual officer liability, as with any excessive force case, the only relevant facts are those that were known to the officers at the time of the incident. See Graham v. Connor, 490 U.S. 386, 396 (1989); see also Walden v. City of Providence, C.A. No. 04-304A, 2008 WL 191285, at *2 (D.R.I. Jan. 23, 2008) (allowing city's motion in limine to exclude post-incident evidence because it was not relevant). Acting Police Commissioner Long's statements to the media, as well as whether the officers were disciplined internally in connection with this incident, which both necessarily post-date the incident in question, have no bearing on Plaintiff's claims against the individual officers.

Likewise, they have no bearing on Plaintiff's § 1983 claim against the City, i.e., whether the City failed to train its officers "regarding procedures and methods to avoid the infliction of deadly force upon a seized person", as alleged in her complaint. To establish municipal liability, "a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989). This requires that "both the

existence of a policy or custom and a causal link between that policy and the constitutional harm" must be proven in order to impute liability to a municipality. Id. While the existence of a municipal custom may be evidenced by the repetition of unlawful acts by officers, a single instance of police misconduct in the field, standing alone, is insufficient to establish the endorsement of an informal policy or custom by the City. See Maldonado v. Fontanes, 568 F.3d 263, 273-275 (1st Cir. 2009); Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989) (to impose liability on municipality a practice "must be so well settled and widespread…municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice"). Here, there can be no causal link between whether the officers in this case were disciplined and the purported constitutional violation at issue because the officers' discipline (or lack thereof) necessarily post-dates the incident. But perhaps more importantly, Plaintiff's § 1983 claim against the City is not even premised upon a failure to discipline. Rather, it is premised entirely upon the City's alleged inadequate training. See Exhibit 1, ¶ 133. So even if the City's alleged failure to discipline in this case could, somehow, create a causal link that led to the constitutional violation at issue here (which it could not), it would have no relevance to Plaintiff's failure to train and supervise claim. Accordingly, the deposition of acting Police Commissioner Long should be precluded because Plaintiff seeks to depose him about topics that are entirely irrelevant to her claims.

2. The 30(b)(6) Deposition Of The City Must Be Limited Because Plaintiff Has Already Deposed The City For Seven Hours.

The City has already been deposed for 10 hours. Fed. R. Civ. P. 30 provides that a deposition cannot exceed 7 hours without leave of court. To date, though the discovery deadline expires today, Plaintiff has not sought leave of court to conduct a deposition longer than 7 hours. For this reason alone, the Plaintiff's deposition of the City is complete and the City should not be required to designate additional deponents.

IV. **CONCLUSION**

WHEREFORE, for the reasons set forth above, the City respectfully requests a protective order to prevent acting Police Commissioner Gregory Long from being deposed and to prevent the Plaintiff from seeking further testimony from the City through the 30(b)(6) deposition.

Dated: March 11, 2022

Respectfully submitted by:

**DEFENDANT CITY OF BOSTON,**

By its attorneys:

Adam N. Cederbaum
Corporation Counsel

*/s/ Nicole M. O'Connor*
Nicole M. O'Connor (BBO#675535)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4039
Nicole.OConnor@boston.gov

**CERTIFICATE OF SERVICE**

I, Nicole M. O'Connor, hereby certify that this document, filed electronically through the court's electronic filing system, was served upon all counsel of record via email on March 11, 2022.

Dated: March 11, 2022

*/s/ Nicole M. O'Connor*
Nicole M. O'Connor

**7.1 CERTIFICATION**

I, Nicole M. O'Connor, hereby certify that I conferred with counsel for the Plaintiff regarding the issues raised int his motion. The parties were unable to resolve or narrow the issues.

Dated: March 11, 2022

*/s/ Nicole M. O'Connor*
Nicole M. O'Connor